# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| DENNIS FRIEDT, | **CV 22-90-BU-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| MONTANA SUPREME COURT, | |
| Defendants. | |

Plaintiff Dennis Friedt filed a federal civil rights complaint on December 30, 2022.  (*See generally* Doc. 2.)  Friedt names the Chief Justice of the Montana Supreme Court "and all the Justices who have ruled" against him in him in *Friedt v. Salmonsen*, Cause No. OP 22-0669, as Defendants.  (Doc. 2 at 5, 14-16.)

Friedt, on three or more prior occasions, has brought actions the Court dismissed as frivolous or failed to state a claim upon which relief may be granted. (Doc. 4 at 1.) The Court accordingly advised Friedt that he could not proceed in forma pauperis under 28 U.S.C. § 1915(g) in this case.  (*Id.*)  The Court informed Friedt that, to qualify for in forma pauperis status in this case, he must meet the statutory exception: he must plausibly allege that he "faces an ongoing danger," of serious physical injury at the time he filed his complaint. (*Id.* at 1) (citing *Williams v. Paramo*, 775 F.3d 1182, 1189 (9th Cir. 2015) quoting *Andrews v. Cervantes*, 493

F.3d 1047, 1055–56 (9th Cir. 2007))).  The Court directed Friedt to pay the filing fee by January 30, 2023.  (Doc. 4 at 2.)

Friedt has not paid the filing fee.  He instead has filed a Motion seeking recusal of the undersigned and claiming that he is in imminent danger due to heart problems he has been experiencing since March of 2022.   (Doc. 5 at 6.) Friedt's Motion indicates, however, that Montana State Prison medical staff monitor his condition and that he receives ongoing care. Friedt fails to demonstrate an ongoing danger of serious physical injury that would qualify him for the exception outlined at 28 U.S.C. § 1915(g).

Friedt argues in support of his recusal request that United States Magistrate Judge DeSoto represents the only judicial officer within the District of Montana who will refrain from retaliating against him. (*Id*. at 5-6.) Friedt likely bases this assertion upon prior adverse rulings he has received from various judges within the District. Friedt then outlines various wrongs and grievances he has experienced in his state criminal and appellate proceedings. (*Id*. at 4-5, 7-11.) The Court has addressed many of these issues in its prior orders in Friedt's federal habeas and civil rights cases. (*Id*.)  Friedt then suggests the undersigned maintains a friendship with Montana Supreme Court Chief Justice McGrath and cannot remain impartial in the current proceedings due to this relationship.  (*Id*. at 11.)

28 U.S.C. § 144 and 28 U.S.C. § 455 provide identical substantive standards

2

for recusal: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (quotation omitted). The alleged bias ordinarily must stem from an "extrajudicial source." *Liteky v. United States,* 510 U.S. 540, 554–56 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id*. at 555. "[O]pinions formed by the judge . . . in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

A reasonable person, with knowledge of the facts of Friedt's case, would not conclude that the Court's impartiality might reasonably be questioned. Friedt has offered no evidence of "deep-seated favoritism or antagonism," for example, and otherwise fails to show that bias has impacted the Court's prior rulings. *See Leslie v. Grupo ICA*, 195 F.3d 1152, 1160 (9th Cir. 1999) A plaintiff's allegations, "stem[ming] entirely from the district court judge's adverse rulings . . . [are] not an adequate basis for recusal." *Id.* The random assignment of this civil action to the undersigned does not evidence any impartiality on this or any other judge in this District. Friedt's disagreement with prior adverse rulings fails to constitute a sufficient basis for recusal.

A recusal motion requires a "necessarily fact-driven" analysis that "must be

3

guided . . . by an independent examination of the unique facts and circumstances of the particular claim at issue." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Some matters ordinarily remain insufficient to require a § 455(a) recusal, including, as relevant here, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." *Clemens U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). "It is vital to the integrity of the system of justice that a judge not recuse [themselves] on unsupported, irrational or highly tenuous speculation." *McCann v. Communications Design Corp.*, 775 F. Supp. 1506, 1523 (D. Conn. 1991) (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). Friedt's speculation regarding a purported friendship does not demonstrate extrajudicial bias and proves insufficient to warrant recusal.

A judge possesses a duty to hear an assigned case when, as here, no legitimate reason for recusal exists. *Holland*, 519 F.3d at 912; *Clemens*, 428 F.3d at 1179. The Court will deny Friedt's Motion.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Friedt's motion for recusal (Doc. 5) is **DENIED**.

2. Friedt has not timely paid the full filing fee of $402.00, as previously directed, (*see* Doc. 4 at 3). This matter is **DISMISSED,** and the case is **CLOSED**.

   3.  The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

   DATED this 21st day of February, 2023.

_____
Brian Morris, Chief District Judge
United States District Court